IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLAYTON TUTTLE BROTHERS IV | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | C.A. NO. ___4:24-cv-1828___ |
| | § | |
| FIRST BANK OF THE LAKE, SANDY | § | |
| DASIGENIS, JEFF LEVA, STEVE LEVA, | § | |
| Defendants, | § | |
| | § | |
| FORECLOSURE NETWORK OF TEXAS, | § | |
| Relief Defendant | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, First Bank of the Lake ("**Defendant**") hereby removes this case from the County Court at Law Number Four, Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  Defendant denies the claims and damages alleged in Plaintiff's Original Petition and files this Notice of Removal without waiving any claims, defenses, exceptions, or obligations that may exist in its favor in state or federal court.

### I.    INTRODUCTION

1.    On or about May 6, 2024, Plaintiff, Clayton Tuttle Brothers IV ("**Plaintiff**") commenced this action by filing Plaintiff's Emergency Petition Cause No. 1227323 in the County Court at Law Number Four, Harris County, Texas (the **"State Court Action"**).[1] Defendant has no record of being properly served with Plaintiff's Original Petition.  On May 15, 2024, Defendant filed its Original Answer.[2]

---

[1]    See Exhibit C-1.
[2]    See Exbibit C-6.

2. Pursuant to 28 U.S.C. §1446(b) of the Federal Rules of Civil Procedure, this Notice of Removal is timely filed within thirty (30) days of service on Defendant of any pleading in this action.[3]

## II. PLEADINGS AND NOTICE TO STATE COURT

3. True and correct copies of all pleadings, process, orders, and other filings in the State Court Action are being filed along with this Notice of Removal as required by 28 U.S.C. §1446(a).  Pursuant to 28 U.S.C. §1446(d), written notice of this removal is being served on Plaintiff and filed in the State Court Action.

## III. BASIS FOR REMOVAL

4. This action is within the original jurisdiction of the United States District Court based on diversity jurisdiction.  Furthermore, venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. §1441(a) because the state court where the State Court Action has been pending is located in this district.

## IV. DIVERSITY JURISDICTION

### A. Citizenship of the Parties.

5. This civil action involves a controversy between citizens of different states. Plaintiff is an individual who resides and is domiciled in the state of Texas and is therefore a citizen of Texas for diversity purposes.[4]

6. Defendant, is a Missouri banking corporation organized under the laws of the state of Missouri with its principal place of business in Osage Beach, Missouri for diversity purposes.  A corporation is deemed to be a citizen of (1) every state where it has been

---

[3] *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).
[4] See Complaint at ¶ 2 under "Parties".

2

incorporated and (2) the state where it has its principal place of business (i.e. its "nerve center").[5] Defendant is not incorporated in Texas, nor is its principal place of business located in Texas. Accordingly, Defendant is diverse in citizenship for Diversity purposes from Plaintiff.

7.     Plaintiff has also named Sandy Dasigenis, Jeff Leva, Steve Leva and Foreclosure Network of Texas, AKA Texas Foreclosure Management Corporation ("**Substitute Trustees**") in their capacity as substitute trustee.  Upon information and belief, the citizenship of the Substitute Trustees includes Texas for purposes of diversity of citizenship.  However, Substitute Trustees' citizenship is not counted for purposes of diversity of citizenship and is therefore irrelevant as established below.

8.     Courts routinely hold that the mere inclusion of a non-diverse substitute trustee who conducts or attempts to conduct a foreclosure sale as a nominal party will not defeat diversity jurisdiction.[6]  The inclusion of substitute trustee as a named defendant does not destroy diversity.[7]  Accordingly, the inclusion of Substitute Trustees in this action, a nominal party, does not defeat diversity jurisdiction in this instance since their citizenship is irrelevant for purposes of a Diversity of Citizenship analysis.

9.     Diversity cases are only removable when "[none] of the parties in interest *properly joined* and served as defendants is a citizen of the State in which [the] action is

---

[5]    28 U.S.C. §1332(c)(1).

[6]    See, *Mendez v. Wells Fargo Bank, N.A.*, No. SA-14-CV-326-XR, 2014 WL 1923056, at *2 (W.D. Tex. May 13, 2014) citing *Eisenberg v. Deutsche Bank Tr. Co. Americas*, No. SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011).

[7]    *Salas v. Wells Fargo Bank*, N.A., No. 1:19-CV-167, 2019 WL 5269180, at *2 (S.D. Tex. Sept. 13, 2019), report and recommendation adopted, No. 1:19-CV-00167, 2019 WL 5265284 (S.D. Tex. Oct. 17, 2019) citing *Carter v. Bayview Loan Servicing LLC*, 2018 WL 5732083 at *2 (S.D. Tex. Aug. 17, 2018) ("mere inclusion of a non-diverse trustee as a nominal party will not defeat diversity jurisdiction...a trustee named solely in their capacity under a deed of trust...does not affect diversity jurisdiction with their presence") (internal citations omitted); *Zavala v. M&T Trust Co.*, 2011 WL 6739614 at *2 (W.D. Tex. Dec. 21, 2011) ("Even if the substitute trustee were a party, it would be a nominal party whose presence would be disregarded for determining diversity.").

brought."[8]  While complete diversity is required for diversity jurisdiction, such diversity cannot be destroyed by a plaintiff improperly joining a non-diverse defendant.[9]  Removal is proper if there is a "diversity of citizenship among the parties in interest properly joined.  'Parties in interest' do not include formal or unnecessary parties, thus a plaintiff's joinder of such parties…cannot prevent the removal of an action to federal court."[10]  "Whether a party is 'nominal' for removal purposes depends on 'whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."[11]  Improper joinder may be established in one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[12]

10.    In the second situation, which is applicable to this case, a finding of fraudulent or improper joinder is appropriate when there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the in-state defendant.[13] In deciding whether a defendant has been improperly joined, the Court should look to the allegations in the plaintiff's live pleading at the time of removal, and conduct a Rule 12(b)(6)-type analysis to determine whether the plaintiff states a claim against the non-diverse

---

[8]    28 U.S.C. § 1441(b) (2006) (emphasis added); *see Cantor v. Wachovia Mortg. Corp.,* 641 F. Supp.2d 602, 606 (N.D. Tex. 2009).
[9]    *See, e.g., Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *Smallwood v. Illinois Central R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).
[10]    *Pesch v. First City Bank of Dallas*, 637 F. Supp. 1530, 1536-37 (N.D. Tex. 1986) (citing *Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir.1961).
[11]    *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006).
[12]    *Smallwood,* 385 F.3d at 573.
[13]    *Id*.

defendant.[14]    A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[15]

11.    From the face of the Complaint, it is evident that Plaintiff has not stated or even attempted to state a cause of action against Substitute Trustees under Texas law.[16]  Although no legally viable claims have been asserted against any party, Plaintiff's allegations appear to relate to vague claims of unjust enrichment, improper liens, improper appointment or "unconscionable contract" with the purpose of the Complaint being to enjoin foreclosure proceedings.[17] Substitute Trustees are not the mortgagee or loan servicer and are not alleged by Plaintiff to have acted in either capacity.  Plaintiff has therefore stated no legally viable claims again Substitute Trustees and Substitute Trustees are either a nominal party or has been improperly joined.

12.    In the context of a motion to dismiss, factual allegations in a complaint must be sufficient to raise the right to relief above a speculative level.[18]  Reciting naked assertions devoid of "further factual enhancement" does not suffice.[19]  Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[20]

13.    Plaintiff's factual allegations against Substitute Trustees do not exist in the Complaint and certainly do not raise Plaintiff's right to relief above the speculative level since any formulaic recitation of vague allegations even if it existed would be insufficient to support a

---

[14]    *Id.*

[15]    *Id.* at 573 n. 9.

[16]    *Larroquette*, 466 F.3d 373, 375 (5th Cir. 2006) (holding that standard for establishing improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis of the district court to predict that the plaintiff might be able to recover against an in-state defendant.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)) (internal quotation marks omitted).

[17]    See Complaint ¶¶ 35-55.

[18]    *Id.* at 555.

[19]    *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

[20]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

20230164.20230164/5359134.1

claim against Substitute Trustees.[21]    Plaintiff's conclusory allegations and unwarranted deductions of fact cannot be accepted as true and cannot defeat a motion to dismiss.[22]  Plaintiff's Complaint includes no specific allegations or causes of action against Substitute Trustees and fails under the standards for a motion to dismiss.  Plaintiff is not the borrower under the subject mortgage and is merely a stranger to the contract subject to this Complaint.  It is unclear what claims, if any are even actionable.  Additionally, Plaintiff has not and cannot allege any legally viable damages relating to any claim against Substitute Trustees.

14.    Accordingly, the only defendant who was or is a citizen of Texas at any time material to removal were the Substitute Trustees, who have been improperly joined or are nominal parties, and complete diversity exists between Plaintiff and Defendant, the actual mortgagee for the subject loan.

15.    Plaintiff is a resident of Texas for diversity purposes and Defendant is a resident of states other than Texas for diversity purposes, therefore complete diversity exists between the parties.

### B.    <u>Amount in Controversy</u>

16.    This case places an amount in controversy that exceeds the $75,000 threshold.  A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[23]  Such jurisdiction exists as long as the parties are completely diverse and the amount in controversy exceeds $75,000.00.[24]

17.    When ascertaining the amount in controversy in the context of a motion to remand, district courts query whether a plaintiff's state court petition, as it existed at the time of

---

[21]    *See Bell Atlantic Corp.*, 550 U.S. at 556.
[22]    *Kane Enterprises v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).
[23]    *See* 28 U.S.C. §1441(a).
[24]    *See* 28 U.S.C. §1332(a).

removal, alleged damages in excess of the statutory minimum.[25]  If the petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied.[26]  The removing party satisfies this burden if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00.[27]  In this instance, the Complaint makes it facially apparent that Plaintiff's claimed damages exceed $75,000.00 given that Plaintiff seeks injunctive relief that would preclude Defendant from conducting a foreclosure sale on the collateral securing the subject loan and the value of the property exceeds $75,000.00.[28]

18.     The filing of the present suit seeks to stop foreclosure by Trustee's on property located at 3903 Treaschwig, Humble, Texas 77338 (the "**Property**").[29]  The value of the Property according to the Harris County Appraisal District for 2024 is no less than $922,442. *See* Exhibit D.

19.     Federal jurisdiction can be established by facts alleged in the petition for removal that support a conclusion that the amount in controversy requirement is satisfied.[30]  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."[31]  Plaintiff seeks relief which has and will continue to preclude enforcement of the contractual loan obligations and Defendant's right to foreclose on and take possession of the subject property, if successful.

---

[25]  *See S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 492 (5th Cir.1996).
[26]  *See Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) citing *De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993); *see also Manguno v. Prudential Prop. and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) (explaining that the removing party bears the burden of showing that federal jurisdiction exists and that removal is proper).
[27]  *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).
[28]  See Complaint at ¶¶ 46-53.
[29]  *Id.*
[30]  *Menendez v. Wal-Mart Stores, Inc.*, 364 Fed. Appx. 62, 66, 2010 WL 445470, 2 (5th Cir. 2010) (unpublished) (*citing Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003)).
[31]  *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 53 L. Ed. 2d 383 (1977).

20230164.20230164/5359134.1

20.    "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."[32]  "[T]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented."[33]  The value of the subject property in this instance for diversity purposes is no less than $922,442 per the records of the Harris County Appraisal District for 2024.  *See* Exhibit D.  The value of the Property in this instance further satisfies the jurisdictional amount of $75,000.00 for diversity purposes.

21.    Because Plaintiff is a citizen of Texas and all Defendants are citizens of states other than Texas, were improperly joined, or are nominal parties, and the amount in controversy requirement is satisfied, diversity jurisdiction has been satisfied.[34]

## V.    JURY DEMAND

22.    Plaintiff has made no known jury demand in the State Court Action.

## VI.    CONCLUSION

23.    For the foregoing reasons, Defendant asks the Court to remove this suit to the United States District Court, Southern District of Texas, Houston Division.

Respectfully submitted,

By: /s/ Michael F. Hord Jr.
    Michael F. Hord, Jr. (Lead Attorney)
    Texas Bar No. 00784294
    Federal I.D. No. 16035
    Eric C. Mettenbrink (Attorney to be Noticed)
    Texas Bar No. 24043819
    Federal I.D. No. 569887
    HIRSCH & WESTHEIMER, P.C.
    1415 Louisiana, 36th Floor
    Houston, Texas 77002-2772
    Telephone 713-220-9182

---

[32]    W*aller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961).
[33]    *Webb v. Investacorp, Inc.*, 89 F.3d 252 (5th Cir. 1996), citing *Leininger v. Leininger*, 705 F. 2d 727 (5th Cir. 1983).
[34]    *See* 28 U.S.C.A. § 332(c)(1) (West).

8

Facsimile 713-223-9319
E-mail: mhord@hirschwest.com
Email:  emettenbrink@hirschwest.com

**ATTORNEYS FOR DEFENDANT**


**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of May, 2024, a true and correct copy of Defendant's Notice of Removal was forwarded as follows:

Clayton Tuttle Brothers IV
3903 Treaschqwig Rd.
Humble, TX 77339
**Via ECF and Email**

/s/ Michael F. Hord Jr.
Michael F. Hord Jr.

9